UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF INDIANA

In Re: Jeffrey Michael Riffel and Christine Sue Riffel  
Debtors.

Chapter 13

Case No: 14-33109

## CHAPTER 13 PLAN

[X] Original                      [ ] Modification # _____ [ ]     Provision  
_____ Is/are modified from the Trustee Standard Plan

1. **Plan Payments:**

   a. Debtor(s) will make payments in the amount of $3,499.78 per month;

   b. Debtor(s) estimate the Plan length of 60 months. The Plan payment will commence not later than 30 days from the date of filing of the voluntary petition or date of conversion;

   c. Debtor will pay all statutory adequate protection payments through the Trustee office. As such, provided the Debtor begins the required payments to the Trustee, adequate protection will begin at confirmation unless otherwise ordered by the Court;

   d. Debtor(s) will turnover copies of federal & state income tax returns each year of the Plan to the Trustee;

   e. Debtor(s) have prorated all income tax refunds into the disposable income and current monthly income calculations;

   f. To meet the best interests of creditors test, the means test and/or the disposable income test, the Class eight General Unsecured Creditors will receive no less than $600.00.

2. **Disbursements by Trustee:**

   a. Class One – Administrative Expenses:

   i. *Trustee fees* as determined by statute;

   ii. *Attorney fees and costs.* Attorney fees will be paid after Class Two, Four and Nine monthly payments are post-petition current.

       [X]   An agreed fee of $2,500.00 less amounts paid as disclosed in Rule 2016(b) Statement, leaving a balance due of $0.00 plus costs advanced in the amount of $0.00 which totals $0.00;

       [ ]   Attorney's fees to be applied for and approved by the Court;

   b. Class Two – Continuing Claims: Those secured claims on which the last payment is due beyond the length of the Plan. Trustee shall commence payments from the date of the filing of the petition unless the proof of claim provides for a later date. This class will be paid their monthly payment pro-rata with the Class Four and Nine.

| Creditor | Address of Collateral | Monthly Payment |
|---|---|---|
| Select Portfolio Servicing, Inc. | 10263 Charles Street, Osceola, Indiana 46561 | $1,313.44 |

   c. Class Three - Pre-Petition Arrearage on Continuing Claims:

       To the extent the claim and Plan conflict, the Trustee shall pay the allowed proof of claim. This class will be paid pro-rata after Classes Two, Four and Nine.

| Creditor/Collateral | Address of Collateral | Estimated Arrears Amount | Interest Rate if Mortgage prior to 10/94 |
|---|---|---|---|
| Select Portfolio Servicing, Inc. | ***Creditor secured collateral | $146,000.00 | |

address RTE***

d. **Class Four – Secured Claims:**

  i. Class Four (A) creditors shall be paid the replacement value of their collateral, retain their liens until discharge and shall be paid a monthly payment pro-rata with the Class Two, Four and Nine. To the extent that the proof of claim filed and confirmed Plan conflict, the Trustee shall pay the value pursuant to the Plan provisions with the remaining amount under the claim treated as a Class Eight Unsecured Claim.

| Creditor | Collateral | Value | Int. Rate | Monthly Payment |
|---|---|---|---|---|
| N/A | | | | |

FAILURE TO OBJECT TO THIS TREATMENT OF CLASS FOUR (A) CLAIMS WILL BE DEEMED ACCEPTANCE OF THIS PLAN PROVISION AS TO VALUE, INTEREST RATE AND MONTHLY PAYMENT.

  ii. Class Four (B) creditors shall be paid the principal amount of their allowed claim, estimated below, retain their liens until discharge and shall be paid a monthly payment pro-rata with the Class One, Two, Four and Nine creditors.

| Creditor | Collateral | Est. Claim Balance | Int. Rate | Mthly Payment |
|---|---|---|---|---|
| N/A | | | | |

FAILURE TO TIMELY OBJECT TO CONFIRMATION OF THIS PLAN PROVISION SHALL BE DEEMED ACCEPTANCE OF INTEREST RATE AND MONTHLY PAYMENT.

  iii. Class Four (C) creditors have allowed secured claims for pre-petition real estate taxes. The Treasurer shall retain the lien on the Debtor's real estate securing such tax claim, and to the extent that the taxes are not paid timely during the bankruptcy, upon notice to the Trustee, the estate will pay the remaining portion of the secured claim thru the Trustee. Debtors will then have the duty to increase their payments to provide for additional claim. Class Four (C) claims shall be paid concurrently with Class Six.

| County | Address of Real Estate |
|---|---|
| N/A | |

e. Class Five - Secured Creditors – Motion To Avoid Liens: Class Five creditors were secured at one time, but is stripped and voided as the value of the Creditor's interest in the collateral is $0.00. The secured status of the following creditor's claim shall be, upon discharge, completely stripped away by §506(a), voided by §506(f) and, pursuant to §1327(c), the Debtor's property shall be free and clear of all said pre-petition liens listed below. Class Five creditors shall only have a Class Eight unsecured claim which must be timely filed to be allowed.

Legal Description of Property:

| Lien Holder | City/Court County Recorded | Cause or Mortgage Acct No. | Jgmt Date or Mortgage Date | Jgmt Amt or Mortgage Amt |
|---|---|---|---|---|
| N/A | | | | |

f. Class Six – Priority Unsecured Claims 11 U.S.C. §1322(A)(2): All allowed priority claims entitled to priority under 11 U.S.C. §507 shall be paid in full during the Plan. This class will be paid pro-rata after Class Three Secured Claims are paid in full.

| Creditor | Type of Priority | Amount to be paid |
|---|---|---|
| N/A | | |

g. Class Seven – Special Unsecured Claims: Class Seven claims shall be paid in full and concurrently with Class Six Priority Unsecured Claims.

| Creditor | Amount | Reason for Special Treatment |
|---|---|---|
| N/A | | |

h. Class Eight – General Unsecured Claims: General Unsecured Claims shall be paid a pro-rata minimum of $600.00.

i.  Class Nine – Executory Contracts and/or Unexpired Leases of Personal Property [11 U.S.C. §1322(b)(7) AND 11 U.S.C. §365]. Class Nine creditors shall be paid their continuing, post-petition monthly lease payment thru the Trustee and shall be paid a monthly payment pro-rata with the Class Two and Four creditors. Class Nine creditors shall be paid their pre-petition default in the amount set forth below pro-rata with Class Three creditors.

Continuing, Post-Petition Obligations:

| Creditor | Collateral | Assume/Reject | Reg. Pymt | Contract Expiration Date |
|---|---|---|---|---|
| N/A | | | | |

Pre-Petition Default:

| Creditor | Collateral | Estimated Amt of Default |
|---|---|---|
| N/A | | |

Those executory contract and/or unexpired leases not listed herein are rejected. The automatic stay shall be lifted upon confirmation of the Plan with respect to any rejected executory contract or unexpired lease assumed that is to be paid directly by the Debtor.

3. **PAYMENTS MADE DIRECT BY THE DEBTOR:**

   a.  Class One – Continuing Claims that are CURRENT as of the date of the filing of the Petition. Debtor shall commence payments from the date of the filing of the petition.

| Creditor | Address of Collateral |
|---|---|
| CPS, Inc. | 10203 Charles Street, Osceola, Indiana 46561 |
| GM Financial | 10203 Charles Street, Osceola, Indiana 46561 |

   b.  Class Two – Secured Claims that are co-signed. Debtor/Co-signer shall maintain regular monthly payments from the date of the petition.

| Creditor | Address of Collateral |
|---|---|
| N/A | |

4. **PROPERTY SURRENDERED**

   a.  Surrender of Collateral. The debtor will surrender debtor's interest in the following collateral securing each allowed secured claim filed by the following creditors. Upon the entry of the order confirming this Plan, the automatic stay imposed by 11 U.S.C. §362(a) shall be terminated pursuant to 11 U.S.C. §362(d). If the surrendered property is not subject to 1325(a)(9), the creditor may file a deficiency claim after sale, which if allowed would be treated as Class Eight General Unsecured Claims as above. Said deficiency claim will be paid as a Class Eight Unsecured if such creditor timely files or amends its claim for such deficiency.

| Creditor | Collateral |
|---|---|
| N/A | |

5. **GENERAL PROVISIONS.**

   a.  Vesting, Possession of Estate Property and Lien Retention: Upon confirmation of the Plan, all property listed in the Debtor's schedules will vest in the debtor [11 U.S.C. §1327(b)]. The debtor will remain in possession of all property of the estate during the pendency of this case unless specifically provided herein [11 U.S.C. §1306(b)]. All secured creditors shall retain the liens securing their claims unless otherwise stated;

   b.  Debtor's Causes of Action: Debtor will file a Motion To Hire Counsel and Motion to Compromise all causes of action held by the Debtor.

   c.  Surrender or Abandonment of Collateral: Upon confirmation, the automatic stay is lifted as to any collateral treated as surrendered or abandoned;

   d.  Prohibition against Incurring Post-Petition Debt: While this case is pending, the debtor will not incur debt without first obtaining approval from the Court or Trustee;

   e.  Proof of Claims Required for Distributions: To Receive distributions from the trustee under this Plan all creditors, including holders of secured claims, must file a proof of claim with the bankruptcy Court.

f.   Debtor Duty To Maintain Insurance: Debtor will maintain all insurance required by law and contract upon property of the estate and the debtor's property.

g.   Curing Mortgage Defaults: The rights of holders of claims secured by a mortgage on real property of the debtor, proposed to be cured in paragraph 2 of Section B of this Plan, shall be modified only to the extent paying the amounts specified in paragraph 2 of Section B, while making all required post-petition principal, interest and escrow payments, shall result in full reinstatement of the mortgage according to its original terms, extinguishing any right of the mortgage holder to recover any amount alleged to have arisen prior to or during the pendency of the case, other than costs of collection and post petition costs and fees as outlined below.

h.   Entry of Orders Lifting Stay: Upon entry of order lifting stay, no distributions shall be made to the secured creditor until such time as an amended deficiency claim is filed by such creditor.

i.   Secured Claims will be paid the value listed in the Plan or the value of the collateral listed in the proof of claim -- whichever is less.

j.   It is the Debtor's intent to provide for every claim unless specifically stated otherwise. Unless the claim is set forth specifically in this Plan as a secured claim, the Debtor is purposely classifying the claim as unsecured.

Other provisions:

Dated: __1/6/15__

_____
Debtor

_____
Debtor

Prepared by: Lisa Gilkey-Schoetzow
228 West High Street
Elkhart, Indiana 46516